UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------- X
          :
JAMES RIVER INSURANCE COMPANY,   :
          :
         Plaintiff,   :
          :  **MEMORANDUM DECISION AND**
     - against -   :  **ORDER**
          :
37 81 REALTY, INC, JIAN LI INC., and QI  :  15 Civ. 4186 (BMC)
CAO,          :
          :
        Defendants.   :
          :
          :
-------------------------------------------------------- X

**COGAN, District Judge.**

Plaintiff James River Insurance Company ("James River") seeks a declaratory judgment that it is not obligated to defend its insured in a personal injury action arising out of a construction accident. Defendants, who are the insured, the injured state court plaintiff, and the general contractor on the project, have all defaulted. The policy language is clear and, accordingly, judgment will be entered in plaintiff's favor.

The facts alleged in the complaint and the state court complaint which is an exhibit to it are deemed admitted by defendants' default and are straightforward. James River's insured is the property owner, 37 81 Realty, Inc. ("Realty"). Realty hired a general contractor to do work on the site, defendant Jian Li, Inc. ("JLI"). JLI apparently had an unnamed subcontractor, which had an employee, defendant Qi Cao. While working on the site, Qi Cao was injured, and sued Realty and JLI.

Whatever the purpose of this general liability policy was, it does not appear to have covered injuries sustained by those engaged in construction work on the premises. James River

relies on two exclusions that appear applicable here. The first is the "Construction Activities Exclusion," which states that: "This insurance does not apply to 'bodily injury' . . . arising out of or related to any construction, demolition, reconstruction, building, rebuilding, or development of any kind on the insured premises." The face of the state court complaint shows that this precisely describes the incident giving rise to that action. The second exclusion is the "Independent Contractors and Subcontractors Exclusion." That provision states: "This insurance does not apply to 'bodily injury' . . . sustained by any of 'your' independent contractors/subcontractors, or any employee . . . of same." Again, that is precisely what Qi Cao is suing for in state court.

The plain language of the exclusions therefore appears to support the denial of coverage for Qi Cao's claims. If there is any way around that, defendants have waived it by failing to appear in this action, as I am not about to act as their lawyer. Cf. Greathouse v. JHS Sec. Inc., 784 F.3d 105, 119 (2d Cir. 2015) (Korman, D.J., dissenting) ("There is something wrong when a case or controversy, to the extent that it exists, is principally between a plaintiff and the judges deciding the case.").

James River's motion for a default judgment is granted, and a declaratory judgment will be entered accordingly.


**SO ORDERED.**


_____
U.S.D.J.


Dated: Brooklyn, New York
      January 3, 2016